

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. E.G. Garvey
County Auditor
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. 0-3568
Re: Compensation of county
highway patrolmen.

Your letter requesting the opinion of this Department, upon the questions stated herein, has been received. The questions presented are as follows:

"For guidance in matters that in all probability will arise in the near future, will you please advise this office whether Senate Bill 278, passed by the Forty-first Legislature, Regular Session, Chapter 150, Page 326, is still in force and effect. If this act is still in effect, will it or Article 6699 as amended, 1937, 45th Legislature, p. 438, ch. 225, Sec. 1, control in Bexar County, since the Supreme Court cites the latter, Article 6699 as amended, as being the now existing authority for a highway patrol?

"The ruling of the Supreme Court was made on May 14, 1941, but, of course, the mandate will not be delivered until the period for filing a motion for rehearing has elapsed. Does the Supreme Court ruling take effect at the time of the first announcement, May 14, 1941, or does its effectiveness begin at the expiration of the period during which a motion for rehearing may be filed?

"In the event a motion for rehearing is filed, will the ruling take effect at the time of the first announcement, or at the time of

either denial of the motion or the rehearing,
if granted, and the original ruling is reaf-
firmed."

In a letter bearing date of June 26, 1941, Hon-
orable Jay Sam Levey, Assistant Criminal District Attor-
ney of Bexar County, Texas, stated in a letter addressed
to this Department, that

"Since the question of the constitutionality
of Senate Bill 275 is before the Supreme Court
and will likely be passed upon, we do not ex-
pect your office to render an opinion on that
question. However, we do ask that you immediate-
ly advise our County Auditor concerning the
other two questions pertaining to the effective
date of the judgment of the Supreme Court.
* * * ."

Apparently, under the facts, eight county high-
way patrolmen were appointed by virtue of Article 6699b,
Vernon's Annotated Civil Statutes, and the Supreme Court
of Texas in the case of CHAS. W. ANDERSON, COUNTY JUDGE,
ET AL, PLAINTIFFS IN ERROR vs. WILL W. WOOD, SHERIFF,
DEFENDANT IN ERROR, among other things held that Article
6699b, supra, was unconstitutional. However, a motion
for rehearing has been filed and has not yet been passed
upon by the court.

The question to be determined seems to be whether
or not the Commissioners' Court can legally pay the eight
above mentioned highway patrolmen. By virtue of Article
6699, Vernon's Annotated Civil Statutes, the Commissioners'
Court acting in conjunction with the sheriff may employ
not more than two regular deputies, nor more than two ad-
ditional deputies for special emergency to aid said regu-
lar deputies to be known as county traffic officers to
enforce the highway laws of this state regulating the use
of the public highways by motor vehicles. We think that
this statute is authority for the Commissioners' Court
to employ not more than four deputies to be known as
county traffic officers to enforce the highway laws of
this state. The further question is raised by your letter
whether or not the said county highway patrolmen are de

Hon. E.G. Garvey, page 3

facto officers.

An officer de facto has been bodily defined as one who has the reputation of being the officer he assumes to be, and yet is not a good officer in point of law; also is one who, under color of right, enters into the possession of an office and exercises the functions thereof, or who exercises the duties of the officer under color of a known and valid appointment or election, but fails to conform to some precedent requirement or condition, as to take an oath, give a bond, or the like. Numerous other definitions similar in import, are to be found in the books. The doctrine of de facto officers is founded upon policy and necessity and is accepted in order to protect the public and individuals where they may become involved in the official acts of persons discharging the duties of officers without being lawful officers. The law validates their access to public and third persons on the ground that, though not officers in law, they are in fact officers whose acts public policy requires should be considered valid. (MARTIN vs. GRAND-VIEW INDEPENDENT SCHOOL DISTRICT, 266 S.W. 607; TEXAS JURISPRUDENCE, Vol. 34, p. 614).

There can be no officer, either de jure or de facto, unless there is an office to fill; nor can there be such a thing as a de facto office. Therefore, before a person can be regarded as a de facto officer, there must be an office which he could hold de jure. Thus if the law purporting to create an office is unconstitutional, an assumed incumbent is not an officer de facto. (STATE vs. GILLETTE'S ESTATE, 10 S.W. (2d) 984; WHATLEY vs. STATE, 8 S.W. (2d) 174; TEXAS JURISPRUDENCE, Vol. 34, p. 615).

Two persons cannot at the same time be in the actual occupation and exercise of an office for which the law provides only one incumbent - a rule that applies to an officer de jure and an officer de facto. It follows that where there is an officer de jure there can be no room or place for an officer de facto, nor can two different officers de facto be in an office for which the law provides only one incumbent. (GERMANY vs. STATE, 3 S.W. (2d) 378).

It is equally clear that eight persons cannot be de facto officers in offices for which the law provides only for incumbents as Article 6699, supra.

We quote from STATE vs. GILLETTE'S ESTATE, supra.

" * * * In other words, it is urged that a de facto officer may exist though there be no de-jure office. We cannot uphold this contention. There can be no officer, either de jure or de facto, unless there be an office to fill * * *"

Article 1772, Vernon's Annotated Civil Statutes, provides:

"The judgment of the Supreme Court shall be final at the expiration of fifteen (15) days from the rendition thereof, when no motion for rehearing has been filed."

In the above mentioned case of ANDERSON vs. WOOD, supra, a motion for rehearing has been filed and as above stated, has not been acted upon by the Supreme Court. It is our opinion that the judgment in this case will become final on the date when the motion for rehearing has been acted upon by said court. (see the following cases:

KORN vs. KORN 29 S.W. (2d) 1055;
TEXAS EMPLOYERS INS. ASSOCIATION vs. TEXAS & P. RY. CO., 129 S.W. (2d) 746;
WILLIAMS vs. WAXAHACHIE NATIONAL BANK, 51 S.W. (2d) 1073).

It will be noted that Articles 6699 and 6699b are substantially the same except that Article 6699b provided for the appointment of eight highway patrolmen instead of four as provided by Article 6699. The Commissioners' Court and sheriff attempted to act under Article 6699b when appointing the eight highway patrolmen. Apparently the Commissioners and sheriff did not consider Senate Bill No. 278, supra, or attempt to act under it

in appointing the above mentioned county highway patrol-
men, or county traffic officers. As the question of the
constitutionality of said Senate Bill is before the Su-
preme Court, we express no opinion concerning the same,
and, for the same reason, we express no opinion as to the
validity of Article 6699b.

It is our opinion that regardless of the ques-
tion of the invalidity of Article 6699b or the applica-
bility of S.B. No. 276, the Commissioners' Court, acting
in conjunction with the sheriff, had the legal authority
to employ not more than two regular deputies, nor more
than two additional deputies for special emergency to aid
said regular deputies to be known as county traffic offi-
cers, and that such appointments, if regularly made, are
valid notwithstanding the employment was attempted to be
made under Article 6699b instead of under the authority
conferred by Article 6699. Therefore, it necessarily fol-
lows that salaries of only four of such officers may now
be legally paid by the county. Whether the remaining
traffic officers may be legally paid for their services
will depend upon the final judgment of the Supreme Court
in the case of ANDERSON vs. WOOD, supra.

Trusting that the foregoing fully answers your
inquiry, we are

APPROVED JUL 3 1941

FIRST ASSISTANT
ATTORNEY GENERAL

AW:ob

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN